[Cite as *State v. Loveless*, 2024-Ohio-457.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                     :

    Plaintiff-Appellee,                   :

                                      No. 112809

    v.                                               :

DAMIEN E. LOVELESS,                         :

    Defendant-Appellant.               :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 8, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-664342-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Anna M. Faraglia, Assistant Prosecuting
Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and
John T. Martin, Assistant Public Defender, *for appellant*.

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Appellant Damien E. Loveless ("appellant") brings this appeal challenging his sentence by the Cuyahoga County Court of Common Pleas under the Reagan Tokes Law. After a thorough review, we affirm the judgment of the trial court.

## I. Procedural History

{¶ 2} As appellant notes in his brief, the underlying substantive facts of this matter are not pertinent to the instant appeal, which only relates to the validity of appellant's sentence. Appellant pled guilty in three separate cases to one count of involuntary manslaughter, a felony of the first degree, in violation of R.C. 2903.04, with an accompanying firearm specification; and two counts of robbery, felonies of the third degree, in violation of R.C. 2911.01(A)(3).

{¶ 3} Under the Reagan Tokes Law, which applied to the involuntary manslaughter conviction, the trial court sentenced appellant to an aggregate, indefinite sentence of six to nine years. Appellant then filed the instant appeal, raising one assignment of error for our review:

> S.B. 201 (Reagan Tokes) violates the Sixth Amendment right to trial by jury and Fourteenth Amendment due process.

## II. Law and Analysis

{¶ 4} Appellant contends that the trial court erred in sentencing him to an indefinite sentence under the Reagan Tokes Law. Under this law, qualifying first- and second-degree felonies committed on or after March 22, 2019, are subject to the imposition of indefinite sentences. Appellant contends that the Reagan Tokes Law violates his constitutional rights to a trial by jury and due process.

{¶ 5} Appellant acknowledges that the Supreme Court of Ohio's decision in *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535, upholding the constitutionality of the Reagan Tokes Law, is controlling in this matter. Nevertheless, he presents his

arguments as to why *Hacker* was incorrectly decided. We find that the arguments presented in this case do not present novel issues or any new theory challenging the constitutional validity of any aspect of the Reagan Tokes Law left unaddressed by the Supreme Court of Ohio's decision in *Hacker*. Accordingly, we overrule appellant's sole assignment of error.

{¶ 6} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
SEAN C. GALLAGHER, J., CONCUR